Opinion op the Court.
THIS was a writ of error coram vobis, brought to .quash' a sale bond and execution. The errors in the court below, are tbe following, to wit: 1st, That Worley (the plaintiff in the execution) was dead before the date of the sale bond, and therefore the bond and execution thereon were void; because the bond was •executed to no person in existence. 2d, There was ne judgment to warrant the execution.
The bond executed on obtaining the writ of error, was made payable toffrancis Worley, hut the'summons or scire facias ad aiidieftdum errores was directed t®. ■James'D. .jN. WoAvj administrator of said Francis Worley, deceasM’IWihis summons was executed on no *2 one. At the succeeding term, Francis Worley, the supposed dead man, appeared; and there is an entry on the* record, stating, “ that the parties agreed that a jury might be empanneiled and sworn to enquire into, and try the truth of the errors in fact assigned by the plaintiffs, without plea.” A jury was empanneiled and sworn, who returned 'a verdict, that the errors assigned were untrue. The court below dismissed the writ, and gave judgment in favor of Francis Worley, for damages and costs; from which the plaintiffs below appealed.
It is here contended that the judgment below is erroneous — 1st, Because it is in favor of Francis Worley, who w^g no party to the writ, it being against James D. N. Worley; and 2dly, because the court either submitted the error of law to the jury, when it was triable by the court alone; or if it was not submitted to the jury, the court did not try it, and rendered no judgment thereon.
As to the first Objection, it must be admitted, that this record is somewhat anomalous, and presents a singularity in legal proceedings. It is singular, that a writ should he issued against one, and another should appear and defend it, and obtain a judgment in his favor. But this singularity, extraordinary as it may be, was produced by the appellants themselves; for the fact, from the record, appears to be, that the appellants, or a suggestion of the death of Francis Worley, entirely false, and by naming a fictitious administrator of his estate, procured a supersedeas to slay his execution, which did it effectually. What, in such case, could he do? If he could not appear, his execution must sleep; for he had not, and could not have such administrator to appear for him. If the jury should have found the fact true, it is clear, the court could not have rendered a judgment, disposing of the cause, until his administrator appeared or was summoned to appear. But as the verdict negatived this fact, it was conclusive against the plaintiffs below, that the proper party had appeared, and that he was entitled to the judgment.
To permit the appellants to escape the penalties due for an erroneous writ of this kind, would he permitting them directly to take advantage of their own wrong, and rewarding them for their shrewd invention in procuring such a writ. This is against the spirit of ihfe'' *3 law. It always treats fictions invented to pervert justice, as real, and jesting with its process, as earnest, aná; suffers no one to escape by wrongs of his own, unusual they may he. The writ was prayed and awarded against the appellee’s sale bond and execution; the supersedeas bond was given to him, and the substance of the whole matter was directed against his interest, and the court below did right in awarding him what the law directed, on dismissing such writs; for it could not have been awarded to any other.
As to the second objection taken, several answers, present themselves.. 1st, The appellants themselves, by consent, submitted the errors to a jury.; and if they were properly triable by the coffrt, we will not disturb tbe decision of that tribunal upon them, which the parties themselves chose, when they might require the court to decide it, but preferred the jury. 2dly, The-court rendered judgment against them, and, from any thing that appears in the record, may have decided (he errors at law against them, and ought to be presumed to have done so.
The error at law, if such it can be called, is futile and unmeaning. The whole complaint is against the execution which issued on the sale bond, and not the original execution, which belongedto another person, by virtue of which the sale was made, and this bond taken as the price of' the articles sold. In such case, there could be no judgment, but a sale bond only, the exis-, fence of which is admitted by the petition, the errors assigned, and the supersedeas bond; and such sale bond warranted the execution..
The judgment must, therefore, he affirmed with costs i and damages on the damages given in the court below,.