judge Mills
delivered' the opinion of the Court.
Thus case was Once before in this court, and the opinion and decision thereon,-will be found in 3 Litt. Rep. 2'33¡
It is obvious from that opinion, that this court considered the cause not terminated and still pending in the court below; that the court had barely set aside the first verdict and judgment with costs, and had left the- cause undisposed of. Hence it was held, that this court had no jurisdiction of the main question, until it was decided finally below.
That the only judgment to which the writ of error lay, was a judgment for costs, pending the suit, and although that judgment thus rendered, before the suit was terminated, might be improper, yet we could not reach it, because the plaintiff in error had not complained thereof, in his assignment of error, and therefore, that judgment for costs, and no other, was then affirmed»
It might have been supposed that on the return of the cause to the court below, that court would have proceeded in the usual mode to have tried and disposed of the cause. Instead of this, on entering the opinion' of this court, that court again proceeded to enter another judgment instanter, that the appellant below, recover his costs in the suit expended.
At the same term, the plaintiff in error, (being plaintiff in the warrant,) moved to set aside this new judgment for costs, and to proceed \vith thé *279 cause, but the court overruled this application, and amended this judgment for costs, by inserting therein, “that the judgment of the justice of the peace, which was in favor of the plaintiff in error, be reversed, and that the defendant in error recover his costs.”
Where a verentered - subject to the opinion of the consideration, ordered the verdict t* th/oouTtcannot at a subsequent term, Fake a bar of the defendant, but P™®eeii CaUse. 1
Pe°gntse¿ff^w the^Iecision of the court, on which the case depends, ought to ap-' Poar on tlie it is^ciose(j.
This is so palpably inconsistent with the former opinion of this court, and also with the right which the plaintiff in the warrant had, to be heard before he was defeated, that the judgment cannot be permitted to stand. The only apology for this last proceeding, furnished us by the record, is, that on the first trial in that pourt,’ when a verdict and judgment was rendered for the plaintiff in the warrant, it was rendered, subject to spine unknown point of law reserved fpr the decision of the court, £>n the decision of that point, whatever it was, the court then barely set the verdict and judgment aside, and rendered no judgment terminating the case. We can, therefore, only suppose, that on the return of the first opinion of the court, the judge, remembering what 'that point of law was, determined, by making use of that, to end the controversy.. S.uch a reservation and recollection of a point of law in memory only, for several years, when the record did not shew what it was, cannot b.e permitted to operate on the rights of the parties.
• It has been held by this court, that a point of law reserved for the decision of the court, on which the fate of the cause must ultimately depend, ought to he made to appear on the record, before the record is closed, and if it does not, its absence is error, and that for a good reason. Every judgment must be the legitimate inference of law from the facts stated and settled ip the record; and to leave a record, containing such facts, that the judgment ought inevitably to be rendered for one party, and yet the judgment to be in favor of his adversary, because of some unexplained facts out of the record, would render records nugatory, and lead to great abuses, hy the exercise of a tyrannical discretion in the judge. If, therefore, this court would have to reverse such a judgment, because the grounds of it *280 did not appear in the record, it is certainly not right that an inferior court should continue to repeat suck a judgment, and still keep out of sight the reasons thereof, upon recollection only.
Motions to dismiss appeals to Iho circuit court, lor defects in. the appeal bond, may pome too late. After appellant has had a judgment below, and been hero with the case, the season js oyer,
Combs, for plajntiff,
One other point is worthy of notice. After the return of the cause from this court, the plaintiff in the warrant, now plaintiff in error, moved to dismiss the appeal, from the justice of the peace, because the appeal bond was not taken in double the amount of the debt and costs. The court overruled this motion and we think correctly. There must certainly be some hour at which the appellee should be precluded from taking exceptions to such bonds, and the question cannot be forever open, After haying a trial in that court, a verdict and a judgment in his favor, and a writ of error to this court, and decision thereon, it certainly was too late, if ever such exception can come too late, to, return to the appeal bond, and rely on its defects to preclude a trial altogether.
The judgment must be reversed with costs, and the cause be remanded fqr a new trial, and such fur: ther proceedings as may not be inconsistent with this opinion.